UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:19 CR 411 RLW ) |
| DESTIN WHITE, a/k/a "Yowda" | ) ) ) |
| Defendant. | ) |

### GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

**1.  PARTIES:**

The parties are the defendant Destin White represented by defense counsel Marcus Sedoti and Peter Cohen, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri.  This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri.  The Court is neither a party to nor bound by this agreement.

**2.  GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to the lesser included charge in Count One of the Indictment, the United States agrees to move for the dismissal as to the defendant of Count Two at the time of sentencing.  Moreover, the United States agrees that no further federal prosecution will be brought in this District relative to defendants' involvement in a conspiracy to distribute and

1

possess with the intent to distribute marijuana and conspiracy to launder marijuana proceeds between April 1, 2013 and the time of the Indictment (May 29, 2019) of which the Government is aware at this time.

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea.  The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a).

The defendant also agrees, pursuant to the guilty plea to Count One, to forfeit to the United States his interest, if any, in all the property set forth in the Forfeiture Allegation in the Indictment and the Bill of Particulars (which is incorporated by reference herein) which is subject to forfeiture under the applicable statutes.

**3.  ELEMENTS:**

As to Count One, the defendant admits to knowingly violating Title 21, United States Code, Section 846, and admits there is a factual basis for the plea, and further fully understands that the elements of the crime are: (1) between at least April 2013 and the date of the indictment (May 29, 2019) the defendant entered into an agreement or understanding to distribute marijuana, a Schedule I controlled substance; (2) the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; (3) at the time the defendant joined in the agreement or understanding, he knew of the purpose of the agreement or understanding; and (4) the amount of

marijuana involved in the conspiracy attributable to the defendant as a result of his own conduct, and the conduct of others reasonably foreseeable to him is 50 kilograms or more.

## 4.  FACTS:

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial.  These facts may be considered as relevant conduct pursuant to Section 1B1.3:

Beginning in 2015 and continuing thereafter to the date of the indictment (May 29, 2019), Destin WHITE conspired to possess with the intent to distribute and to distribute marijuana. WHITE, knowing the purpose of the agreement and conspiracy, knowingly joined it while it was in effect.  Further, WHITE laundered marijuana proceeds derived from the conspiracy's sale of marijuana.  WHITE engaged in these activities in the Eastern District of Missouri, as well as elsewhere throughout the United States.

Co-defendant Kevin Boles managed an organization that acquired multi-kilogram quantities of marijuana from sources of supply located predominantly in California.  K. Boles' organization, of which WHITE was a part, then distributed the bulk marijuana to various destination cities across the United States via an extensive network of couriers utilizing commercial airline flights.  The couriers transported the bulk marijuana concealed inside checked luggage.

WHITE partnered with K. Boles in the distribution of bulk quantities of marijuana, including to the Eastern District of Missouri.  K. Boles tasked WHITE with managing the supply and distribution of bulk marijuana in certain destination cities throughout the United States, including St. Louis, Missouri.  As part of his duties in the organization, WHITE accompanied

marijuana couriers to the destination cities in order to ensure the marijuana was delivered, booked and paid for flights for the marijuana couriers, and met with distributors, in St. Louis and other places, to ensure distribution of the marijuana.

WHITE also laundered money for the K. Boles organization.  WHITE collected proceeds and delivered them back to K. Boles and the organization.  For example, on August, 14, 2018, a bag containing approximately $45,000 in marijuana proceeds was seized from WHITE at the Memphis, Tennessee airport.  WHITE also utilized his Bank of America account to deposit marijuana proceeds and pay for expenses related to marijuana distribution.  For example, from December 2015 until March 2018, WHITE deposited approximately $200,000 in cash deposits of which approximately $22,000 appears to be derived from his work as a rapper.  WHITE spent approximately $150,000 on travel related expenses for the conspiracy.

Based upon the evidence and the parties' approximation of the value of the controlled substances which are the subject of the conspiracy, the parties agree that the amount of controlled substances involved in the conspiracy attributable to the defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is between 60 and 80 kilograms of marijuana.

## 5.  STATUTORY PENALTIES:

The defendant fully understands that the maximum possible penalty provided by law for the lesser included offense in Count One to which the defendant is pleading guilty is imprisonment of no more than 20 years, a fine of not more than $1,000,000, or both such imprisonment and fine.  The Court must also impose a period of supervised release of not less than three years.

**6.  U.S. SENTENCING GUIDELINES:  2018 MANUAL:**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category.  The parties agree that he following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

**a.  Chapter 2 Offense Conduct: Count One**

**(1)  Base Offense Level:**  The parties agree that the base offense level is 20, as found in Section 2D1.1 because the quantity of marijuana for which the defendant is accountable, including relevant conduct, is more than 60 kilograms but less than 80 kilograms.

**(2)  Specific Offense Characteristics:**  The parties agree that the following Specific Offense Characteristics apply:

**Safety Valve**:  The parties have agreed that a two level reduction pursuant to Section 2D1.1(b)(17) would be appropriate if the defendant otherwise meets the criteria set forth in Section 5C1.2.  Based upon the information presently known, the parties recommend that the defendant meets the criteria set forth in Section 5C1.2(a)(2), (3), (4), and (5).  Whether the defendant meets the criteria set forth in Section 5C1.2(a)(1), relating to the defendant's criminal history, is left to the determination of the Court as stated in ¶6(e) herein.  **Defendant understands that he must meet all five criteria contained in Section 5C1.2 in order to receive the two-level reduction.**

**b.  Chapter 3 Adjustments:**

**(1) Acceptance of Responsibility:** The parties agree that three (3) levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly

5

demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty.  The parties agree that the defendant's eligibility for this deduction is based upon information presently known.  If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

**(2)  Other Adjustments:**  The parties agree that the following additional adjustments apply: none.

**c.  Other Adjustment(s) and Disputed Adjustments:** none

**d.  Estimated Total Offense Level:**  The parties estimate the Total Offense Level to be 17 without a reduction for safety valve.  Should defendant qualify for safety valve, the parties estimate the Total Offense Level to be 15.

**e.  Criminal History:**  The determination of the defendant's Criminal History Category shall be left to the Court.  Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category.  The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**f.  Effect of Parties' U.S. Sentencing Guidelines Analysis:**  The parties agree that the Court is not bound by the Guidelines analysis agreed to herein.  The parties may not have foreseen all applicable Guidelines.  The Court may, in its discretion, apply or not apply any

Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

**7.  WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

    **a.  Appeal:**  The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

        **(1)  Non-Sentencing Issues:**  The parties waive all rights to appeal all non jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

        **(2)  Sentencing Issues:**  In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

    **b.  Habeas Corpus:**  The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

  **c.  Right to Records:**  The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.  OTHER:**

  **a.  Disclosures Required by the United States Probation Office:**  The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

  **b.  Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

  **c.  Supervised Release:**  Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed.   These conditions will be restrictions on the defendant to which the defendant will be required to adhere.  Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release.  The defendant understands that parole has been abolished.

**d.  Mandatory Special Assessment:**  Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing.  Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e.  Possibility of Detention:**  The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f.  Fines, Restitution and Costs of Incarceration and Supervision:**  The Court may impose a fine, costs of incarceration and costs of supervision.  The defendant agrees that any fine imposed by the Court will be due and payable immediately.

**g.  Forfeiture:**  The defendant agrees that the proffer of evidence set forth above is sufficient to support forfeiture pursuant to the applicable forfeiture authorities of his interest, if any, in the assets set forth in the Forfeiture Allegation included in the indictment and the Bill of Particulars.  **The defendant also agrees to the entry of a forfeiture money judgment in the amount of $50,000.**  The defendant agrees the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence.  The defendant agrees not to object to any administrative, civil or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the government and/or to rebut the claims of nominees and/or alleged third party owners.  The defendant knowingly and intelligently waives all constitutional and statutory

9

challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States.  The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

### 9.  ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses.  The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding.  The defendant's counsel has explained these rights and the consequences of the waiver of these rights.  The defendant fully understands that, as a result of the guilty plea, no trial

will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel.  Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

The guilty plea could impact defendant's immigration status or result in deportation.  In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory.  Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

**10.  VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case.  In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea.  The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

11

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

4-13-2021
Date

Stephen Casey
Assistant United States Attorney

4-8-2021
Date

Destin White
Defendant

4/7/21
Date

Marcus Sedoti and/or Peter Cohen
Attorney(s) for Defendant

12